UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

Scott N. Johnson,

        Plaintiff,

    v.

Clark Auto Body Inc., Individually and d/b/a Clark Auto Body; A.C.L. Schreuder, Individually and as Trustee of the A.C.L. Schreuder and Ruth E. Schreuder 1997 Revocable Trust,

        Defendants.
_____/

NO. CIV. 08-2954 WBS KJM

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for March 23, 2009.

    I.    SERVICE OF PROCESS

All named defendants have been served, and no further service is permitted without leave of court, good cause having

1

been shown under Federal Rule of Civil Procedure 16(b). Defendant A.C.L. Schreuder was dismissed without prejudice from this action on February 9, 2009.

## II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 42 U.S.C. §§ 12101-12300 (Americans with Disabilities Act). Supplemental jurisdiction is predicated upon 28 U.S.C. § 1367. Jurisdiction and venue are disputed.

## IV. DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than May 8, 2009.

The parties shall disclose any experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than June 5, 2009. With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before June 26, 2009.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by July 10, 2009. The word "completed" means that all discovery shall have been conducted so

that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) no later than July 10, 2009.

V.  MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before August 28, 2009. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for November 16, 2009, at 2:00 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing those statements. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which

identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto. If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

## VII. TRIAL SETTING

The jury trial is set for January 20, 2010, at 9:00 a.m. Plaintiff anticipates that a bench trial will last three court days and a jury trial will last four court days. Defendant has demanded a jury trial in its Answer and estimates that a jury trial will last ten court days.

## VIII. VDRP & SETTLEMENT CONFERENCE

The parties have expressed interest in pursuing VDRP and may do so pursuant to the procedures provided for in Local Rule 16-271.

A Settlement Conference will be set at the time of the Pretrial Conference. All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least

seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

                IX.    MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED: March 20, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE